IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer, | ) |
| Plaintiff, | ) ) ) |
| v. | ) |
| Palace Theater, LLC, Magnificent Mile Productions, Ltd., and Anthony J. Tomaska, | ) Case No: 1:22-cv-03813 ) ) |
| Defendants. | ) ) ) ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), by and through his attorneys, ZLATKIN WONG LLP, for his complaint ("Complaint") against Defendants Palace Theater, LLC, Magnificent Mile Productions, Ltd., and Anthony J. Tomaska (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.* and 17 U.S.C. §§ 501 *et seq.*, for copyright infringement of a work registered with the United States Copyright Office.

## THE PARTIES

2. Oppenheimer is an individual who is actively engaged in the business of creating and licensing photography and who resides in Asheville, North Carolina.

3. Defendant PALACE THEATER, LLC ("PT") is an Illinois limited liability company with an office to do business in Cook County, Illinois. At various times relevant to this case, PT had been involuntarily dissolved by the Illinois Secretary of State. As of the date of this

Complaint, however, PT is listed with the Illinois Secretary of State as being active and in good standing.

4. Defendant MAGNIFICENT MILE PRODUCTIONS, LTD. ("MMP") was an Illinois corporation with an office to do business in Cook County, Illinois and/or Lake County, Illinois. MMP was involuntarily dissolved by the Illinois Secretary of State as of September 29, 2020, and MMP remains dissolved as of the date of this Complaint.

5. Defendant Anthony J. Tomaska ("Tomaska") is an individual residing in Cook County, Illinois and/or Lake County, Illinois. Upon information and belief, Tomaska is a principal and officer in PT, and at all relevant times was a principal and officer in MMP during MMP's existence.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Plaintiff is informed, believes, and thereon alleges that Defendants have sufficient contacts with Illinois, and in particular this judicial district, based on the events herein alleged, such that Defendants are subject to the exercise of jurisdiction of this Court. Specifically, each of the Defendants is domiciled in this judicial district and, upon information and belief, all of the Defendants' actions giving rise to Plaintiff's claims occurred within this judicial district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a).

## FACTUAL ALLEGATIONS

9. Oppenheimer is a noted and respected professional photographer with many years of experience and considerable reputation.

10. Oppenheimer's photographs have appeared in *inter alia* Rolling Stone, MSNBC, MTV, AOL, and FUSE. The subjects of Plaintiff's photography include President Bill Clinton, Bob Dylan, Bruce Springsteen, Carlos Santana, and Paul McCartney, among countless other instantly recognizable persons and places, including Chicago, Illinois.

11. Oppenheimer has over the years performed photography services through his own name as well as in the form and style of "Performance Impressions, LLC," which is a North Carolina limited liability company in good standing.

12. Oppenheimer earns his livelihood from the creation and licensing of his images to permitted third-party licensees for compensation, as well as from selling prints of his photographs.

13. Upon information and belief, PT is the owner and/or operator of a concert venue in Wisconsin Dells, Wisconsin styled as "The Palace Theater in the Dells" ("Theater Venue"), and PT, directly or indirectly, uses various digital and non-digital methods to advertise concerts and other events occurring at the Theater Venue.

### Oppenheimer Creates, Registers, and Publishes the Photograph

14. In early June 2012, Oppenheimer created a photograph of a performance featuring singer Kenny Rogers and various accompanying musicians performing live in concert at the Bonnaroo Music and Arts Festival in Manchester, Tennessee ("Photograph").

15. The Photograph is an original work titled "Bonnaroo_Sunday_1_OPP4175.jpg" that Oppenheimer registered with the United States Copyright Office as part of a collection of photographs. The Photograph is registered with the United States Copyright Office as part of the collection "*2012 Bonnaroo Music Festival Photographs by David Gordon Oppenheimer*" under Copyright Registration Number VAu 1-102-552, bearing a June 13, 2012, effective date of registration. A copy of the copyright registration certificate for the Photograph is attached hereto

as Exhibit A. The deposit copy of the Photograph submitted along with the copyright application is attached hereto as Exhibit B.

16. After submitting the Photograph for registration, Plaintiff published the Photograph through the Performance Impressions, LLC website, where Oppenheimer makes his works available for print sales and licensing, and through the website Flickr.com. As is his pattern and practice, the published version of the Photograph contained copyright management information under 17 U.S.C. § 1202(c) ("CMI"), including a visible watermark complying with notice of copyright provisions (17 U.S.C. § 401(d)) on the face of the Photograph and notice of copyright embedded in the metadata of the Photograph. CMI in the metadata of the Photograph included proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions for licensing, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. On Flickr, in addition to all of the CMI set forth above, the Photograph was published alongside the notice "© All Rights Reserved" and clicking the "Show EXIF" button made all of Oppenheimer's metadata visible, containing all of the above-stated CMI. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view the Photograph appreciate that Oppenheimer owns all rights and title to the Photograph and follow proper protocols in licensing the Photograph. Plaintiff's published version of the Photograph is attached as Exhibit C hereto bearing this subsequently added CMI on the face of the Photograph.

17. Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyright of the Photograph.

18. Since the date of registration, Plaintiff has held all the exclusive rights to the Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative

works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

19. Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation, and has been valid and subsisting in all conditions precedent to the filing of this suit.

**Defendants Use the Photograph Without Authorization**

20. Upon information and belief, in 2019, one or more of the Defendants (or such Defendants' authorized representatives) obtained the published version of the Photograph and uploaded modified copies of the Photograph through the following URLs (collectively, "Infringing URLs"):

- https://allevents.in/wisconsin%20dells/an-evening-of-music-with-kenny-rogers-band-w-don-gatlin/200017528085008 ("AllEvents URL")
- https://cdn-az.allevents.in/events4/banners/2edb62e0-a5a4-11e9-b097-d9fac88b98a3-rimg-w594-h280-gmir.jpg ("Image URL")
- https://www.facebook.com/events/1283199838512559/ ("Facebook URL")

21. The webpage accessible through the AllEvents URL ("AllEvents Webpage") included the Photograph in two places. Specifically, the AllEvents Webpage included the left half of the Photograph at the top left corner of the AllEvents Webpage, while a full version of the Photograph was used as the lede image. The AllEvents Webpage, inclusive of the copies of the Photograph, was used to advertise the event entitled "*An Evening of Music with Kenny Rogers Band with Don Gatlin*" scheduled to occur at the Theater Venue on September 17, 2019 ("PT Event"). In addition to describing the PT Event, the AllEvents Webpage also included a blurb advertising the Theater Venue and included a link to "Get Tickets" to the PT Event. A true and

correct copy of the AllEvents Webpage, as captured on July 23, 2019, is attached hereto as Exhibit D.

22. The creation of the advertisement of the PT Event also resulted in a copy of the Photograph being uploaded to the Image URL. The Photograph remains accessible at the Image URL as of the date of this Complaint. A true and correct copy of the webpage accessible through the Image URL, as captured on July 22, 2022, is attached hereto as Exhibit E.

23. The webpage accessible through the Facebook URL ("Facebook Webpage") included the Photograph as the primary image to advertise the PT Event. In addition to providing details about the PT Event, the Facebook Webpage also included a link to "Find Tickets" to the PT Event. A true and correct copy of the Facebook Webpage, as captured on July 23, 2019, is attached hereto as Exhibit F.

24. Oppenheimer discovered Defendants' uses of the Photograph at the Infringing URLs on July 23, 2019.

25. At some point between Oppenheimer's discovery of Defendants' infringements and October 28, 2020, the Photograph became no longer accessible at the AllEvents Webpage and the Facebook Webpage. The Photograph was not removed from and remains displayed online at the Image URL as of the date of this Complaint.

**Oppenheimer Provides Notice of Copyright Infringement to Defendants**

26. Upon discovering the infringements of Oppenheimer's rights in the Photograph at the Infringing URLs, Oppenheimer first engaged in due diligence in an attempt to determine the parties involved in the infringements. First, Oppenheimer researched the corporate records accessible online at the website of the Wisconsin Department of Financial Institutions. Oppenheimer was able to determine that PT was organized in Illinois and had previously been

authorized to transact business in Wisconsin, although such authority had been revoked as of October 10, 2017. At the time of Oppenheimer's initial research, PT had also been involuntarily dissolved by the Illinois Secretary of State, with such dissolution made effective as of July 14, 2017.

27. Through further research of records then-available through WhoIs.com, Oppenheimer was able to determine that MMP was listed as the "Registrant Owner" of the primary website for the Theater Venue, accessible at https://www.dellspalace.com/. Upon searching the records publicly available through the Illinois Secretary of State, Oppenheimer was able to determine that both PT and MMP shared common ownership/management, with Tomaska listed as the manager of PT and the president of MMP. Oppenheimer was able to further determine that MMP had been involuntarily dissolved, with such dissolution effective as of September 29, 2020.

28. On or before June 21, 2021, PT was brought into good standing with the Illinois Secretary of State.

29. On August 23, 2021, Oppenheimer, through his attorneys, sent a written notice of copyright infringement to PT to the attention of Tomaska, informing Tomaska of the infringements of Oppenheimer's rights committed by PT and/or MMP at the Infringing URLs, including at the Image URL.

30. On or around August 26, 2021, Tomaska contacted Oppenheimer's counsel by phone. During such discussions, Tomaska informed Oppenheimer's counsel, *inter alia*, that Tomaska did not intend to pay Oppenheimer anything for the conduct that resulted in theft of Oppenheimer's intellectual property.

31. On April 28, 2022, not having received any further communications from Tomaska, Oppenheimer's counsel sent a follow-up email to Tomaska, requesting Tomaska to confirm the

substance of Tomaska's prior discussion with Oppenheimer's counsel, and informing Tomaska that the Photograph was still being displayed online at the Image URL, of which Tomaska had previously been notified.

32. Between April 28, 2022, and April 29, 2022, Tomaska and Oppenheimer's counsel exchanged three additional emails, with Tomaska requesting that Oppenheimer's counsel not contact Tomaska again. A true and correct copy of such email correspondence is attached hereto as Exhibit G.

33. On June 7, 2022, Oppenheimer's counsel received a letter from attorneys purporting to represent PT and MMP. In such correspondence, PT and MMP's attorneys offered a payment sum to settle the dispute.

34. On June 29, 2022, Oppenheimer's counsel sent a response letter to PT and MMP's attorneys with a counteroffer, and legal reasoning for the counteroffer. Oppenheimer's counsel also invited PT and MMP's attorneys to connect with Oppenheimer's counsel for a phone call.

35. Not having received any further communications from attorneys representing PT and MMP, on July 12, 2022, Oppenheimer's counsel sent another email to PT and MMP's attorneys, informing them, *inter alia*, that Oppenheimer would proceed with initiating litigation in the absence of a response and a tolling agreement, due to the impending statute of limitations.

36. No further communications have been received by Oppenheimer's counsel from any of the Defendants or attorneys representing any of the Defendants.

**FIRST CLAIM FOR RELIEF**
**Copyright Infringement Under 17 U.S.C. § 501**
**(Against All Defendants)**

37. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

38. Plaintiff owns the exclusive rights to the copyrighted Photograph.

39. Upon information and belief, one or more of the Defendants caused the publication, copy, and display of the Photograph at each of the Infringing URLs.

40. Defendants' acts are and were performed without the permission, license, or consent of Plaintiff.

41. Defendants acted with willful disregard of the laws protecting Plaintiff's copyright.

42. Defendants infringed Plaintiff copyright in the Photograph in violation of 17 U.S.C. § 501.

43. Plaintiff has sustained and will continue to sustain substantial damage in an amount not yet fully ascertainable.

44. Plaintiff is informed, believes, and thereon alleges that the Defendants have obtained profits recoverable under 17 U.S.C. § 504. Plaintiff will require an accounting from the Defendants of all monies generated from the Photograph.

45. In the alternative and at his election, Plaintiff is entitled to seek maximum statutory damages for willful infringement by Defendants of Plaintiff's rights in the Photograph in an amount of $150,000 under 17 U.S.C. § 504(c)(2). In the event that the trier of fact does not find that Defendants willfully infringed Plaintiff's copyright in the Photograph, Plaintiff is entitled to seek maximum statutory damages in an amount of $30,000 under 17 U.S.C. § 504(c)(1).

46. Plaintiff is entitled to seek recovery of Plaintiff's attorneys' fees and costs of suit from the Defendants, pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**Vicarious Copyright Infringement**
**(In the Alternative Against Tomaska)**

47. Plaintiff repeats and incorporates herein by reference the allegations in Paragraphs 1–36 of this Complaint.

48. Pleading further but without waiver of the foregoing, Oppenheimer shows that at the time that PT and/or MMP performed the infringing acts, that Tomaska was the founder, member, manager, shareholder, president, and/or other genre of principal of PT and MMP.

49. Upon information and belief, Tomaska controlled nearly all decisions relating to PT and MMP and was the dominant influence of PT and MMP. Tomaska provided hands-on decision making with respect to the activities of PT and MMP, making most of the decisions relating thereto. Tomaska had the right and ability to supervise and/or control the infringing conduct of PT and/or MMP, and/or to stop the infringements once they began. Upon information and belief, Tomaska had an obvious and direct financial interest in these infringing activities of PT and/or MMP, because PT and/or MMP's use of the Photograph on the AllEvents Webpage and the Facebook Webpage advertised and promoted the goods and services of PT and/or MMP, encouraging website viewers to purchase and use PT's and/or MMP's services and to attend the Theater Venue. Infringement of the Photograph allowed Defendants to more effectively promote and sell PT's, MMP's, and/or their respective affiliates' and/or customers' goods and services by drawing, capturing, holding, and prolonging the attention of the average online visitor, providing a direct positive impact on sales and/or the brand, public image, and reputation of PT and MMP. Accordingly, Tomaska is personally liable to Oppenheimer as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of PT and/or MMP.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendants as follows.

1. Pursuant to 17 U.S.C. § 502, that Defendants and Defendants' agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other

entities in active concert or participation with Defendants, be permanently enjoined from directly or indirectly infringing the Plaintiff's copyrights in any manner, including generally, without limitation, reproducing, distributing, displaying, performing, or making derivative works of the Photograph;

  2. That Defendants be required to perform a complete and full accounting of all profits generated by Defendants from the Photograph;

  3. Pursuant to 17 U.S.C. § 504, that Defendants be required to pay actual damages and disgorgement of all profits derived by Defendants from the Defendants' acts of copyright infringement; in the alternative, upon Plaintiff's election, pursuant to 17 U.S.C. § 504, that Defendants be required to pay statutory damages up to $150,000 for each work infringed for Defendants' acts of copyright infringement and, in the event that the factfinder determines that Defendants' infringement was not willful, that Defendants be required to pay statutory damages up to $30,000 for each work infringed by the Defendants;

  4. Pursuant to 17 U.S.C. § 505, Defendants be required to pay Plaintiff the costs of this action, prejudgment interest, and reasonable attorneys' fees; and

  5. Such other and further relief as the Court shall find just and proper.

Dated: July 22, 2022

            Respectfully submitted,

            **ZLATKIN WONG LLP**

            By:  /s/ Ilya G. Zlatkin
            Ilya G. Zlatkin (ARDC No. 6314344)
            ZLATKIN WONG LLP
            4245 North Knox Avenue
            Chicago, Illinois 60641
            Tel: (312) 809-8022
            ilya@zlatkinwong.com

            *Attorney for Plaintiff David Gordon Oppenheimer*